UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERRY B. MILLER,

        Petitioner,         Case No. 1:12-cv-836

v.        Honorable Janet T. Neff

PHIL RATH et al.,

        Respondents.
_____/

## **OPINION**

This is a habeas corpus action brought by a former state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed for lack of jurisdiction.

**Factual Allegations**

Petitioner Berry Miller,[1] proceeding *pro se*, asserts that in May 2000 he was convicted of several "major misconducts," including threatening behavior, two counts of insolence, and disobeying a direct order. (Pet., docket #1, Page ID#1.) As a result, he was forced to remain in prison for an additional twelve years and four months. Respondents are parole agent Phil Rath, former Director of the Michigan Department of Corrections (MDOC) Patricia Caruso, former Attorney General Mike Cox, an unknown hearings officer, and corrections officer Kevin Jones. Petitioner contends that Jones accused him of the misconducts in February 2000. Petitioner was found guilty of the misconducts by the hearings officer, and Rath subsequently revoked his parole. Respondents Caruso and Cox allegedly approved the revocation of Petitioner's parole. As grounds for habeas relief, Petitioner contends that his parole was revoked without probable cause and without evidence of a parole violation.

Petitioner's profile on the MDOC's website indicates that he pleaded guilty to breaking and entering a building with intent, Mich. Comp. Laws § 750.110, in April 1998, and that he was sentenced to 1 year and 6 months to 15 years in prison. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=264790 (accessed Aug. 30, 2012). That sentence is no longer "active," however, because he was discharged by the MDOC on August 1, 2012. *Id.* According to his pleadings, he currently resides at a private address in Lansing, Michigan. (*See* docket #1, Page ID#16.)

---

[1] In the petition, Petitioner refers to himself as "Berry B. Miller." (Pet., docket #1, Page ID#1.) However, the MDOC records attached to his application to proceed *in forma pauperis* refer to him as "B*a*rry Bernard Miller," inmate no. 264790. (*See* docket #2, Page ID#26.)

**Discussion**

**I.      Habeas relief**

This Court lacks jurisdiction to grant the petition for habeas corpus relief. The purpose of the writ of habeas corpus is to free individuals from wrongful restraints upon their liberty. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Title 28 U.S.C. § 2254(a) provides that a habeas petition may be filed when a person is "in custody pursuant to the judgment of a State court[.]" 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is *in custody* in violation of the Constitution or laws or treaties of the United States.") (emphasis added). An applicant for habeas corpus relief must be "in custody" when the petition is filed in order to vest the Court with jurisdiction to grant it. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). An individual cannot be "in custody" for a conviction if the sentence for that conviction has expired. *Id.* at 491-92. Petitioner filed his petition on August 13, 2012, shortly after the sentence for his conviction expired; thus, he was not in custody when he filed his petition. Consequently, the petition must be dismissed for lack of jurisdiction.

**II.     Other relief**

Attached to the petition is a complaint that purports to raise a claim seeking damages under 42 U.S.C. § 1983. (*See* docket #1, Page ID#15.) The Court construes the instant action solely as a petition for habeas corpus under § 2254, however, because when Petitioner filed his documents with the Court, he verbally expressed his desire that they be construed as one action, i.e. a petition for writ of habeas corpus.[2] So construed, the action must be dismissed.

---

[2]Moreover, Plaintiff paid the filing fee for a habeas action. He has not

Moreover, even if the Court were to construe the complaint as an independent action under § 1983, the Court would dismiss it for failure to state a claim under 28 U.S.C. § 1915(e)(2), because Petitioner's claim is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

Under *Heck*, claims that challenge the lawfulness of a conviction or term of confinement are not cognizable under § 1983 until the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Petitioner has not demonstrated the invalidity of his parole revocation by either a state or federal habeas corpus decision. The principles espoused in *Heck* have been applied to § 1983 actions like Petitioner's, which challenge state parole-revocation proceedings in the absence of a previous decision by a state or federal tribunal declaring the parole revocation invalid. *See Lovett v. Kinkela*, No. 98-3894, 1999 WL 644323, at *1 (6th Cir. Aug. 16, 1999); *Corsetti v. McGinnis*, No. 95-2061, 1996 WL 543684, at *1 (6th Cir. Sept. 24, 1996).

The fact that a habeas remedy is no longer available to Petitioner because is he no longer in custody does not render *Heck* inapplicable to his case. Under the law in this circuit, the application of *Heck* does not depend upon whether the plaintiff is still "in custody," *Huey v. Stine*, 230 F.3d 226, 229-30 (6th Cir. 2000), *overruled on other grounds by Muhammad v. Close*, 540 U.S. 749 (2004). Thus, *Heck* may apply even though it has become a legal impossibility for Petitioner to challenge his conviction or sentence. *Id.*

The Sixth Circuit has held that *Heck* does not bar a § 1983 action by a former prisoner who *never* had the opportunity to seek habeas relief. *See Powers v. Hamilton Cnty. Pub. Defender Comm'n,* 501 F.3d 592, 601-03 (6th Cir. 2007). That exception does not apply to

Petitioner, however, because he could have filed a petition for habeas relief while he was still in custody. *See id.* at 601 (reasoning that "a § 1983 plaintiff is [not] entitled to a *Heck* exception . . . if the plaintiff could have sought and obtained habeas review while still in prison but failed to do so"). Therefore, *Heck* applies to Petitioner's § 1983 claim even though habeas relief is no longer available to him.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 for lack of subject-matter jurisdiction.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant

service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). To determine whether a certificate is warranted, each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the [petitioner's] claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that reasonable jurists could not conclude that this Court's dismissal of the habeas petition for lack of jurisdiction was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:  September 14, 2012           /s/ Janet T. Neff
                                     Janet T. Neff
                                     United States District Judge